DECISION
This matter in equity was tried to the Court on October 16, 2002, and October 24, 2002. It is undisputed that the parties to this action on December 7, 1997, entered into a Purchase and Sale Agreement with respect to the subject real estate (Joint Exhibit 1). The agreement called for Defendant to sell to Plaintiff the real estate in question for the sum of $675,000.00. The agreement called for a closing on or before December 15, 1998, but did not contain a "time is of the essence" clause.
During the calendar year 1998, Plaintiff made application to all necessary agencies and/or entities regarding the several permits and variances necessary to consummate the project, including an application to the Coastal Resources Management Council (hereinafter "CRMC") executed by the Defendant. The agreement referenced the diligent pursuit of the necessary permits, but was not contingent upon such approvals.
The agreement was to have expired by its terms on December 15, 1998, but on December 1, 1998, Defendant executed a written extension of the closing date, to a date up to and including March 14, 1999. On March 23, 1999, Defendant executed a written extension of the closing date, to a date up to and including May 21, 1999. On April 20, 1999, Defendant executed a written extension of the closing date, to a date up to and including July 30, 1999. On July 22, 1999, Defendant executed a written extension of the closing date, to a date up to and including September 14, 1999. On September 10, 1999, Defendant executed a written extension of the closing date, to a date up to and including November 14, 1999. On December 30, 1999, Defendant executed a written extension of the closing date, to a date up to and including a date 45 days after January 4, 2000, i.e. February 18, 2000. On February 16, 2000, Defendant executed a written extension of the closing date, to a date up to and including March 20, 2000. All of these written extensions were made without payment or promise of payment of additional money to Defendant. On May 4, 2000, Defendant executed an authorization for his in-state attorney to execute, on his behalf, a second application to CRMC regarding the project contemplated in the Purchase and Sale Agreement.
In May, 2001, Plaintiff filed the instant action for specific performance and recorded a Notice of Lis Pendens against the subject real estate. On or about May 8, 2001, CRMC voted to approve the second application. Plaintiff did in fact diligently pursue CRMC's permitting processes, and Defendant did assist in this application process even after the last written extension of said agreement executed on February 16, 2000, extending the closing date up to and including March 20, 2000. That notwithstanding, the record does not supply sufficient evidence to satisfy this Court that Defendant agreed orally to any further extensions. At best, from Plaintiff's perspective, the record established that Defendant was agreeable to further extensions only if the parties could agree to a new sales price. The Court is mindful of the fact that at this point in time some twenty-seven months had passed since the original sales price of $675,000.00 had been established. Accordingly, common sense would dictate that
Plaintiff had become dissatisfied with the price given the passage of time.
Plaintiff always had the option to close at any time on or before December 15, 1998, or at any of the periods so extended as previously noted. Plaintiff, however, chose not to do so. In fact, the testimony of Peter Rotelli on behalf of Plaintiff demonstrates that
Plaintiff made a conscious decision not to close until all approvals were obtained. He testified that this is a type of decision that a developer faces — i.e. whether to close hoping to later obtain approvals or to await the necessary approvals. Moreover, Plaintiff knew that Defendant, due to the numerous and protracted delays, wanted more consideration for the property. This testimony makes it abundantly clear that Plaintiff was proceeding at some peril lacking a written extension. In any event, Plaintiff chose not to close and the failure to close in a timely fashion did not arise through any fault or delay of Defendant.
Accordingly, the Court finds that no valid contract existed beyond March 20, 2000, and that any enforceable contract by and between the parties ceased to exist on said date. Accordingly, the Court finds for Defendant and orders that the Notice of Lis Pendens filed by Plaintiff be discharged forthwith. The Court declines to make any award of attorney fees.
Counsel are directed to prepare judgment in accordance with this decision.